# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PETER G. GRAIN, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>NEVADA PROPERTY 1, LLC, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-02123-RFB-NJK<br><br>**ORDER**<br><br>[Docket No. 13] |

Pending before the Court is the parties' stipulation to extend discovery deadlines. Docket No. 13.

A request to extend discovery deadlines must include a statement specifying the discovery completed, a specific description of the discovery that remains, the reasons why the subject deadline cannot be met, and a proposed schedule for completing the outstanding discovery. Local Rule 26-3. The request must also be supported by a showing of good cause. *Id.* The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). This showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). If diligence is not established, the Court's inquiry should end. *Johnson*, 975 F.2d at 609 (internal citation omitted).

Here, the parties have not demonstrated diligence. The parties have completed a minimal amount of discovery thus far. Further, they fail to disclose the dates on which this small amount of discovery was completed. Docket No. 13 at 2. Therefore, the Court cannot find good cause and the inquiry ends.

Accordingly, the parties' stipulation to extend discovery deadlines is **DENIED** without prejudice. Docket No. 13. Any subsequent request must fully comply with all applicable case law and the Local Rules.

IT IS SO ORDERED.

Dated: February 23, 2024

_____
Nancy J. Koppe
United States Magistrate Judge